UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL WILLIAM NOWACK,

        Petitioner,

v.                                                           Case No. 2:04-cv-44
                                                             HON. R. ALLAN EDGAR

FABIAN LAVIGNE,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Paul William Nowack filed this petition for writ of habeas corpus challenging the validity of his state court jury conviction for one count of arson of a dwelling house and two counts of first degree felony murder. Petitioner was convicted by a jury on May 31, 1996, and on August 2, 1996, was sentenced to two concurrent life imprisonment terms without parole and a term of imprisonment of 10 to 20 years.

Petitioner appealed his conviction to the Michigan Court of Appeals. The Michigan Court of Appeals, on October 9, 1998, reversed petitioner's conviction. The court concluded that the prosecutor presented insufficient evidence to sustain the arson conviction focusing on the lack of evidence establishing a specific intent to commit arson. The court explained:

> After carefully reviewing the record, we are convinced that a jury could not have rationally concluded that defendant had specifically intended to burn the apartment building by setting a fire. While there was sufficient evidence to establish that defendant had purposefully filled his apartment with natural gas, there was insufficient evidence that defendant had intentionally ignited the gas.

Docket #47 at 4.

The Michigan Supreme Court reversed the Michigan Court of Appeals and reinstated petitioner's felony murder convictions. *People v. Nowack*, 462 Mich. 392, 614 N.W. 2d 78 (2000). The Michigan Supreme Court concluded that arson is a general intent crime and sufficient facts were presented to support petitioner's felony murder conviction. The Michigan Supreme Court concluded that the Michigan Court of Appeals erred in assuming that arson was a specific intent crime.

Petitioner filed a motion for relief from judgment in the trial court which was denied. The Michigan Court of Appeals affirmed the denial of petitioner's motion on July 24, 2003. The court explained that petitioner was not denied a fair trial because the court instructed the jury that arson is a specific intent crime rather than a general intent crime. The error, the court explained, placed a greater burden of proof on the prosecutor than what was actually required. Moreover, the court noted that the overwhelming evidence presented at trial supported petitioner's convictions. Similarly, the court rejected petitioner's claims of ineffective assistance of counsel. The court explained:

> Considered in the context of the state of the law in Michigan at the time of trial, we conclude that defense counsel's failure to recognize the error made by all parties at trial did not render counsel's performance deficient, either at trial or during the plea process. It was not until *Nowack II* addressed the issue that the required mental state for the common-law arson was clarified. As *Nowack II* observed, "[b]ecause virtually every reported Michigan case involves a statutory arson offense, . . . our case do not discuss common-law arson." *Nowack II, supra* at 406. As penal concepts, specific and general intent are difficult enough when they have been addressed by the courts, see *People v. Hood*, 1 Cal 3d 444, 456; 456; 462 P2d 370 (1969), let alone when the case law has been silent on the matter. Further, the fact that both the circuit court and the prosecutor approached all stages of the trial guided by the assumption that arson was a specific intent crime supports the conclusion that defense counsel's performance was in keeping with prevailing norms of performance. *People v. Smith*, 456 Mich.543, 556; 581 NW2d 654 (1998).

Further, the court concluded that reversal would not be warranted if counsel was deficient because the weight of the evidence against petitioner pointed to his guilt and there existed no reasonable or likely chance of acquittal.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Was Petitioner deprived of his state and Sixth Amendment rights to a properly instructed jury where the trial court read jurors an inaccurate instruction on the intent required for arson?

II. Where the Michigan Supreme Court ruled in this case, after Petitioner's conviction, that arson was a general intent crime, did the supreme courts' ruling render trial counsel's performance at trial constitutionally defective/ did trial counsel's misunderstanding of the law regarding the intent element deprive petitioner of his state and federal constitutional rights to effective assistance of counsel?

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.* at 413.  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the application must also be "unreasonable."  *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

- 4 -

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Petitioner argues that the inaccurate jury instruction regarding arson violated his Sixth Amendment rights. The Michigan Courts rejected this claim stating:

> Defendant argues that he was denied his right to a fair trial because the trial court erroneously instructed the jury that arson is a specific intent crime rather than a general intent crime. He contends that the error deprived him of the right to have his guilty or innocence determined on an accurate statement of the crime charged. Because defendant did not preserve this issue with an appropriate objection to the court's jury instruction at trial, we review the issue for plain error affecting defendant's substantial rights. *People v. Carines*, 460 Mich. 750, 763; 597 NW2d 130 (1990). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain . . . , 3) and the plain error affected substantial rights. . . . The third requirement generally requires a showing of prejudice . . . ." *Id.* Further, if these three requirements are established, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id.*, quoting *United States v. Olano*, 507 U.S. 725, 736-737; 113 S.Ct. 1770; 123 L.Ed. 2d 508 (1993), *quoting United States v. Atkinson*, 297 U.S. 157, 160; 56 S.Ct. 391; 80 L.Ed. 555 (1936).

*Nowack II* clearly establishes that the trial court erred in instructing the jury on the *mens rea* of common-law arson. *Nowack II, supra*, at 404-410. However, were we to conclude that the error was "plain," we nonetheless would affirm defendant's convictions because defendant has failed to establish that he is actually innocent or that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Carines, supra*, at 763. The prosecutor presented overwhelming evidence to support defendant's convictions under the general intent framework, *see Nowack II, supra*, at 404, 410, 414. Furthermore, the error placed a greater burden of proof on the prosecutor to prove the intent element and the evidence amply supported the jury's verdict under the appropriate standard. Thus, defendant cannot show that the error undermined the fairness or integrity of the trial.

Docket #49 at 2.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default

- 6 -

by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)).   This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Further, even though the Court of Appeals applied a limited review of the claimed error to determine whether it affected the outcome, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *accord Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994), *cert. denied*, 514 U.S. 1038 (1995).

The Michigan Court of Appeals clearly stated that petitioner's failure to object to the jury instructions was a failure to preserve the issue for appeal.  The Michigan Court of Appeals reviewed the issue under a plain error standard, concluding that the claim lacked merit.  Clearly, petitioner procedurally defaulted this issue.  Petitioner cannot establish cause and prejudice for his procedural default.  Moreover, the Michigan Court of Appeals concluded that the error was harmless and that the error in fact worked to petitioner's advantage.  In the opinion of the undersigned, the Michigan Court of Appeals' decision on this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Similarly, petitioner argues that he received ineffective assistance of counsel.  To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the

Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See Id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996).

The Michigan Court of Appeals rejected petitioner's ineffective assistance of counsel claims concluding that petitioner's attorney acted "in keeping with prevailing norms of performance" by assuming that arson was a specific intent crime. Petitioner has failed to show that his attorney's performance was ineffective. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

- 8 -

Petitioner has filed a motion requesting injunctive relief.  Petitioner claims that a prison official confiscated his mini disks for his word processor.  Petitioner now asserts that he cannot save documents to disk and must immediately print out documents as he prepares them. Petitioner also fears further retaliation as a result of filing this habeas action.  Petitioner's claims for injunctive relief are independent from this habeas action.  Injunctive relief is not warranted in this case.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.  It is further recommended that the court deny petitioner's motion for injunctive order of prohibition (docket #66).

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could

- 9 -

not find that a dismissal of each of petitioner's claims was debatable or wrong.  Petitioner cannot

show a violation of his constitutional rights regarding the court's jury instructions and the ineffective

assistance of counsel claim.  Therefore, the undersigned recommends that the court deny petitioner

a certificate of appealability.

    NOTICE TO PARTIES:  Objections to this Report and Recommendation must be

served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal

those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United

States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


     /s/ Timothy P. Greeley
     TIMOTHY P. GREELEY
     UNITED STATES MAGISTRATE JUDGE

Dated:   September 12, 2005